# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2781 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Industrial Steel vs. Praxair | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 12/08/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, the defendant's motion to dismiss is denied in its entirety. The defendants are given 20 days to answer, move or otherwise plead to the plaintiff's complaint. All discovery is to be completed by 12/01/04. Dispositive motions with supporting memoranda are to be filed by 01/06/05. Responses to the dispositive motions, if any, are to be filed by 01/20/05 and replies, if any, are to be filed by 01/27/05. In the event the parties believe a settlement conference with this Court would be useful, the parties are instructed to contact this Court's Courtroom Deputy.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | U.S. District Court | LS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 SEP -1 PM 2:32 | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INDUSTRIAL STEEL SERVICE )
CENTER, an Illinois corporation, )
)
Plaintiff, )
)
v. ) No. 04 C 2781
)
PRAXAIR DISTRIBUTION, INC., a )
Delaware corporation, f/k/a GAS TECH, )
INC., MG SYSTEMS & WELDING, )
INC., a Delaware corporation, )
)
Defendants. )

DOCKETED
SEP - 1 2004

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Praxair Distribution, Inc.'s ("PDI") motion to dismiss. For the reasons stated below, we deny the motion to dismiss in its entirety.

**BACKGROUND**

Plaintiff Industrial Steel Service Center, Inc. ("ISSC") is engaged in the business of fabricating and supplying steel materials. ISSC alleges that in November of 1999, representatives of ISSC met with representatives of PDI and discussed the

1

15

purchase of a burn table by ISSC from PDI. According to ISSC, on December 16, 1999, PDI, then known as Gas Tech, sent a proposal to ISSC for the purchase of the table. ISSC alleges that its representatives visited the offices of MG Systems & Welding, Inc. ("MG") to review the project and that representatives of MG and PDI indicated that the table would meet the requirements specified by ISSC. Specifically, ISSC claims that it asked during the visit whether a dual-drive machine was necessary to meet ISSC's needs and representatives from MG and PDI indicated that a single-drive machine would suffice.

ISSC alleges that on January 23, 2000, PDI sent a proposal to ISSC indicating that the purchase price for the table would be $88,891.00 and that on January 26, 2000, ISSC executed a purchase order and tendered PDI a check in the amount of $31,112.00 pursuant to the terms of the proposal as a down payment for the table. According to ISSC, on March 31, 2000, it tendered a check to PDI in the amount of approximately $48,000 and that in March and April of 2000, the table was delivered to ISSC. ISSC claims that it then assembled and installed the table with instruction from MG and PDI. ISSC claims that on June 19, 2000, it tendered a final payment to PDI for the table in the amount of $8,889.00.

ISSC claims that on June 23, 2000, PDI sent ISSC a proposal for a second burning table, indicating that the purchase price would be $62,535.00. ISSC contends that it accepted the proposal and that on June 27, 2000, it executed a purchase order and tendered PDI a check in the amount of $22,832.00, and on

August 22, 2000, ISSC sent PDI another check in the amount of $35,879.00. According to ISSC, the second burning table was delivered to ISSC. ISSC claims that on October 31, 2000, ISSC tendered a check to PDI in the amount of $6,535 as final payment for the second burning table.

ISSC claims that beginning in July of 2000, the torch lifters on the first table purchased from PSI began malfunctioning and that MG and PDI attempted to fix the table. ISSC alleges that the other table also began to malfunction and that new problems arose on both of the tables purchased from PDI. ISSC claims that MG and PDI made repeated visits to ISSC to try and fix the tables. According to ISSC, due to the malfunctioning tables, ISSC began finding defects in its products and was forced to hand cut and grind poorly cut steel plates. ISSC also claims that it had to replace other steel plates and materials that it had already produced. ISSC claims that MG sent a representative to review the machinery in June of 2001 and that in January 2002, MG indicated that it could not fix the tables.

ISSC filed the instant action in state court and the case was removed to federal court. The complaint includes a breach of implied warranty of merchantability claim against PDI (Count I), a breach of implied warranty, fitness for a particular purpose claim against PDI (Count II), a breach of implied warranty of merchantability claim against MG (Count III), and a breach of implied warranty, fitness for a particular purpose claim against MG (Count II).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter,* 286 F.3d 437, 439 (7th Cir. 2002); *Kyle,* 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins,* 939 F.2d at 466-67.

# DISCUSSION

## I. Implied Warranty of Merchantability Claim

PDI seeks a dismissal of the implied warranty of merchantability claim against it because ISSC failed to allege the ordinary purposes of the machines and failed to allege that the tables were not merchantable at the time of sale. The implied warranty is codified in 810 ILCS 5/2-314 which states in part as follows:

> § 2-314. Implied Warranty; Merchantability; Usage of Trade. (1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
>
> (2) Goods to be merchantable must be at least such as
>
> (a) pass without objection in the trade under the contract description; and
>
> (b) in the case of fungible goods, are of fair average quality within the description; and
>
> (c) are fit for the ordinary purposes for which such goods are used; and
>
> (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
>
> (e) are adequately contained, packaged, and labeled as the agreement may require; and
>
> (f) conform to the promises or affirmations of fact made on the container or label if any.
>
> (3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade. . . .

810 ILCS 5/2-314.

### A. Ordinary Purpose of Tables

PDI argues that pursuant to 810 ILCS 5/2-314(2)(c), ISSC is required to "allege the ordinary use for the goods" in questions. (Mot. 4). Although, as indicated above, the statute requires a plaintiff to show that the goods "are fit for the ordinary purposes for which such goods are used," the requirement is not a pleading requirement. The notice pleading standard applies in the instant action rather than any state pleading standards. *See M. Block & Sons, Inc. v. International Business Machines Corp.*, 2004 WL 1557631, at *3 (N.D. Ill. 2004)(applying notice pleading standard to state law claims); *Viero v. Bufano*, 901 F.Supp. 1387, 1396 (N.D. Ill. 1995)(stating that "Illinois *pleading* rules do not apply in this federal court although Illinois *substantive* law provides the rules of decision. . . ."); *Resolution Trust Corp. v. KPMG Peat Marwick*, 844 F.Supp. 431, 433 (N.D. Ill. 1994)(stating that federal pleading standard applies to state law claims).

Also, PDI argues that the ordinary use is a pleading "requirement," (Reply 2), and thus argues that ISSC failed to allege one of the elements for a claim under 810 ILCS 5/2-314(2)(c), however, under the notice pleading standard a plaintiff is not required to plead elements. The Seventh Circuit has made it clear that there "is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions . . . listed in Rule 9 . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). *See also Head v. Chicago School Reform Bd. of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000)(stating that the plaintiff was not required under the notice

pleading standard to plead with particularity facts to support each element of his claim); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). PDI attempts to distort the notice pleading standard by quoting Seventh Circuit case law out of its proper context and by relying on decisions made in 1977 and 1988.

Also, regardless of the pleading requirements, ISSC has alleged the ordinary use of the tables. ISSC alleged that the tables were used to cut "straight, precise, accurate steel plates." (Compl. Par. 38). PDI refers to ISSC allegations as "conclusory." (Reply 2). However, a plaintiff is not required to plead all the facts for his claim. *Higgs*, 286 F.3d at 439; *Kyle*, 144 F.3d at 455. PDI also argues that ISSC merely alleges that the tables were ordinarily used to cut steel and ISSC does not deny that the machines cut steel. This argument is mere semantics. ISSC alleges that the tables were used to cut "straight, precise and accurate" steel plates and ISSC alleges that the machines could not be put to such a use. Perhaps the tables could have been used to make rough, imprecise cuts in steel, but ISSC did not use them for that purpose. ISSC cites to *Industrial Hard Chrome Ltd. v. Hetran, Inc*, 64 F.Supp.2d 741, 748 (N.D. Ill. 1999). The case is not controlling authority and in that case the plaintiff "failed to allege what the [product's] 'ordinary purpose' [wa]s or how it [wa]s unfit." *Id.* In the instant case ISSC has alleged the ordinary purpose

7

and has indicated why the tables are unfit. ISSC claims that the tables will not cut precise, straight, and accurate pieces.

### B. Merchantability Of Goods At Time Of Sale

PDI next argues that ISSC failed to allege that the tables were not merchantable at the time of sale. PDI claims that ISSC has "pleaded itself out of a cause of action because it alleges that it received the first machine in March 2000, but only first experienced any of the alleged problems in July 2000." (Mot. 6). This argument is entirely without merit. While it is true that for an implied warranty of merchantability claim the product must have been defective when the product left the manufacturer's possession, *Alvarez v. American Isuzu Motors*, 749 N.E.2d 16, 22-24 (Ill. App. Ct. 2001), there is no requirement that the defect must have been discovered by the purchaser at the time. ISSC claims that it used the tables and that it took some time for the defects to manifest themselves. ISSC clearly claims that the defects were present at the time of sale and to the extent that ISSC does not expressly state this, it can be inferred. Thus, PDI's contention that it is entitled to dismissal simply because ISSC did not specifically allege that the tables had a defect on the date of the sale is not in accordance with the notice pleading standard. *See Thompson*, 300 F.3d at 753(stating that for a motion to dismiss the court must draw all reasonable inferences that favor the plaintiff and construe the allegations of the complaint in the light most favorable to the plaintiff). PDI is also improperly

seeking to challenge the veracity of ISSC's contention that the tables were defective at the time of sale. PDI argues that the "plaintiff must show that the defect existed when the goods left the seller's control." (Reply 4). However, at this stage of the proceedings ISSC is not required to "show" that any of its allegations are true. *See Thompson*, 300 F.3d at 753 (stating that in ruling on a motion to dismiss all of plaintiff's allegations must be accepted as true).

PDI also argues that "ISSC fails to allege the date on which problems with the second machine began, which is an essential element to its cause of action as to that machine." (Mot. 6). As indicated above, under the notice pleading standard a plaintiff is not required to plead facts to support each element of a claim and is not required to plead all the facts connected to a claim. *Higgs*, 286 F.3d at 439; *Kyle*, 144 F.3d at 455. Therefore, we deny PDI's motion to dismiss the implied warranty of merchantability claim.

## II. Implied Warranty of Fitness For a Particular Purpose

PDI seeks a dismissal of the implied warranty of fitness for a particular purpose claim because ISSC did not allege that the first machine failed to perform for the intended purpose, ISSC failed to allege that the machine was unfit at the time of sale, and ISSC failed to allege that it relied upon PDI when purchasing the second table. For the same reasons stated above, we find that there is no requirement that the alleged defect manifest itself at the time of purchase and that ISSC has

sufficiently alleged that the tables were defective at the time of sale. The warranty is codified in 810 ILCS 5/2-315 which states as follows:

> § 2-315. Implied Warranty: Fitness for Particular Purpose. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

810 ILCS 5/2-315.

### A. Fitness For a Particular Purpose

PDI argues that ISSC failed to allege that the first machine was unfit for the intended purpose of the machine. PDI's arguments are again based on a more stringent pleading standard than is applicable in the instant action. ISSC is not required to provide all the facts in support of its claim, is not required to plead elements, and all inferences will be drawn in ISSC"s favor. *Thompson*, 300 F.3d at; *Higgs*, 286 F.3d at 439; *Sanjuan*, 40 F.3d at 251. ISSC alleges in its complaint that it informed PDI of ISSC's requirements and the intended purpose of the machines. (Compl. Par. 4-7, 46, 48). Simply because ISSC lists some of the requirements in paragraph 6 of the complaint is not a basis to infer that it is an exhaustive list of the requirements discussed and the topics addressed during the alleged discussion of the purpose of the machines.

10

### B. Reliance on PDI for the Second Table

PDI argues that ISSC fails to allege that it relied upon PDI's representation's when purchasing the second table. However, this is yet another attempt by PDI to parse through the complaint and seek a dismissal on the basis of a technicality. ISSC claims that the transactions of the tables were closely related and were the same model tables and that ISSC relied upon PDI's representations in regards to the first table when purchasing the second table. (Ans. 8). Such allegations can reasonably be inferred from the complaint even if they are not expressly stated. Therefore, we deny PDI's motion to dismiss the implied warranty of fitness for a particular purpose claim.

## CONCLUSION

Based on the foregoing analysis, we deny PDI's motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 1, 2004